IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RISUN TECHNOLOGIES, LC, a Utah limited liability company; RISUN CONSTRUCTION, LLC, a Utah limited liability company; CHRIS J. BOWDEN, an individual; CAROL E. BOWDEN, an individual; DOES I through X, ROE CORPORATIONS I through X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [39] MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:18-cv-00741-DBB-JCB<br><br>District Judge David Barlow |

Before the Court is Plaintiff American Contractors Indemnity Company's (ACIC) Motion for Summary Judgment.[1] ACIC asks the Court to find that the signature of Chris Bowden was sufficient to bind Risun Construction, LC (Risun Construction) to the General Indemnity Agreement (GIA), and therefore that Risun Construction is obliged to reimburse ACIC for its expenditures in settling the performance bond claim of Helix Electric (Helix).[2]

Having considered the record and the parties' briefing, the court finds that there exist genuine issues of material fact about Bowden's alleged authority to bind Risun Construction, and DENIES Plaintiff's Motion for Summary Judgment.

---

[1] American Contractors Indemnity Company's Motion for Summary Judgment against Risun Construction, LLC (Motion for Summary Judgment), ECF No. 39, filed December 2, 2019.

[2] *Id.* at 4–5.

## FACTS

In July 2014, Defendant Risun Technologies, LC, owned by Willie "Bill" Whitney and Chris Bowden, entered into a subcontractor agreement with Helix to work on a federal construction project, "Owens Lake Dust Mitigation Phase A" (Owens Lake).[3] To proceed with the project, Helix required Risun Technologies to provide a performance bond of $2,995,000.[4] Plaintiff ACIC is a surety that issued the performance bond on behalf of Risun Technologies.[5] To issue the bond, ACIC required Risun Technologies and Risun Construction, a separate company also owned by Whitney and Bowden, to sign General Indemnity Agreements.[6] The agreements require the signatory companies to indemnify ACIC against any claim that might arise against the performance bond.[7] As a condition to issuing the bond, ACIC required Whitney, previously 51% owner of Risun Technologies, to leave the company, due to his previous financial troubles. This left Bowden as the only member and 100% owner of Risun Technologies.[8] However, Whitney remained 51% owner of Risun Construction.[9]

The record indicates that the general contractor on the Owens Lake project, Barnard Construction, eventually claimed delay damages against Helix.[10] However, Helix blamed Risun Technologies for the delay, and brought a performance bond claim against ACIC as the surety.[11]

---

[3] Complaint at ¶ 13, ECF No. 2, filed September 18, 2018; Motion for Summary Judgment at 5.

[4] Complaint at ¶ 14.

[5] *Id.* at ¶ 15.

[6] *Id.* at ¶ 11.

[7] *Id.* at ¶ 12, Exhibit 1 – General Indemnity Agreement dated May 19, 2014 at 3, ECF No. 2-2, filed September 18, 2018, Exhibit 2 – General Indemnity Agreement dated July 8, 2014 at 3, ECF No. 2-3, filed September 18, 2018.

[8] Motion for Summary Judgment at 5.

[9] Excerpts from Deposition of Willie James Whitney at 13, ECF No. 55-2, filed April 23, 2020.

[10] Motion for Summary Judgment at ¶ 6, Defendant Risun Construction, LLC's Opposition to Plaintiff's Motion for Summary Judgment (Opposition) at 3, ECF No. 52, filed April 1, 2020.

[11] *Id.*

ACIC settled with Helix in the amount of $225,000, and alleges it incurred $130,000 in attorney's fees in the process.[12]

Based on the indemnity agreements signed by Bowden to secure the performance bond, ACIC asks the court to find that Risun Construction is obligated to reimburse ACIC for the settlement amount and the attorney's fees.[13] Defendants argue that Bowden did not have the authority to bind Risun Construction to the indemnity agreement because he was not a licensed contractor, because Bowden had not previously acted on behalf of Risun Construction, and because he was only a member, and not a manager, of Risun Construction.[14]

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[16] In determining whether there is a genuine dispute as to material fact, the court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."[17] Only facts "essential to the proper disposition of a claim" qualify as material.[18] The court therefore focuses on whether reasonable finders of fact "can properly proceed to find a verdict for the party … upon whom the onus of proof is imposed."[19]

---

[12] Motion for Summary Judgment at ¶ 11. ACIC also claims it is owed reimbursement from Defendants for the costs of bringing this action.

[13] *Id.* at 23.

[14] Opposition at 2, 8–9.

[15] Fed. R. Civ. P. 56(a).

[16] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[17] *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) (quoting *Doe v. City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012)).

[18] *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).

[19] *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986) (internal quotations omitted)).

## DISCUSSION

To meet its burden of proof on summary judgment, ACIC must show that there is no genuine issue of material fact that, under Utah law, Bowden had either actual or apparent authority to sign the GIA on behalf of Risun Construction.

### ACIC Does Not Show that Bowden Had Actual Authority

Actual authority includes the concepts of both express and implied authority, and turns on the principal's representations to the agent.[20]

> Express authority exists whenever the principal directly states that its agent has the authority to perform a particular act on the principal's behalf. Implied authority, on the other hand, embraces authority to do those acts which are incidental to, or are necessary, usual, and proper to accomplish or perform, the main authority expressly delegated to the agent. Implied authority is actual authority based upon the premise that whenever the performance of certain business is confided to an agent, such authority carries with it by implication authority to do collateral acts which are the natural and ordinary incidents of the main act or business authorized. This authority may be implied from the words and conduct of the parties and the facts and circumstances attending the transaction in question.[21]

The Articles of Organization for Risun Construction indicate that the LLC is manager-managed, with Willie "Bill" Whitney as the manager, and therefore the principal of the company.[22] Utah law provides that in a manager-managed LLC, with some exceptions, "any matter relating to the activities and affairs of the limited liability company is decided exclusively by the manager."[23]

ACIC's Motion for Summary Judgment argues that because Bowden was 49% owner of Risun Construction, and because a signature binding Risun Construction was necessary for

---

[20] *Zions First Nat. Bank v. Clark Clinic Corp.*, 762 P.2d 1090, 1094 (Utah 1988)

[21] *Id.* at 1094–95.

[22] Articles of Organization, ECF No. 39-8, filed December 2, 2019. ACIC argues that Bowden was a manager as well, but the Articles of Organization for Risun Construction state that Bowden was a member. [cite]

[23] Utah Code Ann. § 48-3a-407(3)(a).

ACIC to issue the performance bond to Risun Technologies, a presumption of actual authority should arise.[24] However, ACIC does not cite, and the court is not aware of, any statute or case law supporting this presumption. In fact, the Utah Revised Uniform Limited Liability Company Act states to the contrary, "A member is not an agent of a limited liability company solely by reason of being a member."[25] As the principal of a manager-managed LLC, authority to act in relation to Risun Construction's activities and affairs belonged to Whitney.

The Motion for Summary Judgment does not allege any express delegations of authority from Whitney to Bowden. Neither does the Declaration of Chris Bowden contain any testimony about any delegations of authority he received from Whitney, but rather states in a conclusory fashion that he "was authorized to sign for and bind Risun Construction to the terms of the . . . . GIA."[26] Conversely, Whitney avers in his declaration that Bowden "was never a manager, nor did he have management authority over Risun Construction."[27] There remains a genuine dispute of material fact as to whether Bowden was ever granted any express authority to act on behalf of Risun Construction. Further, without information as to what, if any, actions Bowden was expressly authorized to take on behalf of Risun Construction, the court cannot find any implied authority on Bowden's part to perform actions collateral thereto. Therefore, ACIC has not met its burden, and is not entitled to summary judgment on the issue of actual authority.

**ACIC Does Not Show that Bowden Had Apparent Authority**

Apparent authority, instead of relying on the principal's communications to the agent, relies on what the principal communicates to the third parties who dealt with the agent. The Utah

---

[24] Motion for Summary Judgment at 21.

[25] Utah Code Ann. § 48-3a-301.

[26] Declaration of Chris J. Bowden at ¶ 13, ECF No. 39-3, filed December 2, 2019.

[27] Declaration of Bill Whitney in Opposition to Plaintiff's Motion for Summary Judgment at ¶ 4, ECF No. 53, filed April 1, 2020.

Supreme Court states, "Apparent authority is the power held by an agent ... to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations."[28]

The court also set forth a three-part test for finding that an agent had apparent authority: "(1) that the principal has manifested his [or her] consent to the exercise of such authority or has knowingly permitted the agent to assume the exercise of such authority; (2) that the third person knew of the facts and, acting in good faith, had reason to believe, and did actually believe, that the agent possessed such authority; and (3) that the third person, relying on such appearance of authority, has changed his [or her] position and will be injured or suffer loss if the act done or transaction executed by the agent does not bind the principal."[29] Plaintiff must show that all three of these factors exist for the court to find apparent authority.

To be clear, "It is the principal who must cause third parties to believe that the agent is clothed with apparent authority."[30] "Where corporate liability is sought for acts of its agent under apparent authority, liability is premised upon the corporation's knowledge of and acquiescence in the conduct of its agent which has led third parties to rely upon the agent's actions. Nor is the authority of the agent apparent merely because it looks so to the person with whom he deals. It follows that one who deals exclusively with an agent has the responsibility to ascertain that agent's authority despite the agent's representations. Accordingly, apparent authority cannot be premised on the manifestations of the purported agent."[31]

---

[28] *Burdick v. Horner Townsend & Kent, Inc.*, 2015 UT 8, ¶ 21, 345 P.3d 531, 539.

[29] *Id.*

[30] *Luddington v. Bodenvest Ltd.*, 855 P.2d 204, 209 (Utah 1993) (internal citation omitted).

[31] *Bergdorf v. Salmon Elec. Contractors Inc.*, 2019 UT App 128, ¶ 20, 447 P.3d 1265, 1269–70, cert. denied sub nom. *Bergdorf v. Salmon Elec.*, 456 P.3d 389 (Utah 2019) (internal citations and quotations omitted).

ACIC does not allege that Whitney had knowledge of and acquiesced to Bowden's actions in signing the GIA on behalf of Risun Construction. Therefore, the dispositive factor before the court is whether Whitney represented to ACIC directly that Bowden had authority to sign the GIA on Risun Construction's behalf, or made such representations in some other fashion, of which ACIC had become aware at the time Bowden signed the General Indemnity Agreement.

ACIC does not discuss any representations by Whitney about Bowden's authority, whether directly to ACIC or more general in nature, in its briefing, failing the first element of the *Burdick* test. Instead, Plaintiff posits that the notarial certificate of acknowledgement of Jeffrey Matthews attached to the GIA "creates a presumption that [Bowden's] signature was genuine and authorized."[32] In support of this argument, Plaintiff cites a treatise which reads, "If a certificate of acknowledgment is complete and regular on its face, the facts stated in the certificate are presumed to be true. Under such circumstances, it is also presumed that the legal duties incumbent upon the officer in doing so have been properly performed."[33] The facts do not establish that an officer signed the certificate. Moreover, this treatise is not binding upon the court, and ACIC does not cite, and the court is unaware of, any Utah statutes or cases which apply this presumption.

Moreover, the facts contained in the certificate of acknowledgement, even if true, do not provide support for ACIC's argument that Bowden had apparent authority to sign the GIA on behalf of Risun Construction. Matthews's certificate of acknowledgement merely states in

[32] Motion for Summary Judgment at 22.

[33] 1 Am. Jur. 2d Acknowledgments § 81. Plaintiff also cites case law from the Seventh Circuit Court of Appeals and the Illinois Supreme Court. However, those cases dealt with the presumption of delivery of a deed and whether a notarial certificate of acknowledgement creates a presumption that the signatory appeared before the notary, respectively, and in any case do not bind this court.

relevant part that Bowden "proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity."[34] Even presuming that Bowden did make such a statement to Matthews, "apparent authority cannot be premised on the manifestations of the purported agent."[35]

Additionally, Matthews's declaration indicates that he believed that Bowden had authority to bind Risun Construction based on the public knowledge that Bowden owned 49% of the company.[36] The Declaration of Steven Paul raises a potential credibility issue as to this declaration, as Paul avers that Matthews informed him that he was not aware whether Bowden had authority to bind Risun Construction to the GIA at the time he notarized the document.[37] Credibility determinations are not appropriately made at the summary judgment stage, but are reserved for the finder of fact at trial.[38]

Finally, ACIC argues that because Bowden negotiated the contract with Helix Electric on behalf of Risun Technologies, and because Whitney was aware of the Owens Lake project and surrendered his ownership interest in Risun Technologies to allow for the issuance of the performance bond, ACIC had "no reason to doubt" that Bowden had authority to bind Risun Construction to the GIA.[39] However, this is not the standard for a finding of apparent authority.

---

[34] Exhibit 2 – General Indemnity Agreement dated July 8, 2014 at 15, ECF No. 2-3, filed September 18, 2018.

[35] *Bergdorf v. Salmon Elec. Contractors Inc.*, 2019 UT App 128, ¶ 20, 447 P.3d 1265, 1269–70, cert. denied sub nom. *Bergdorf v. Salmon Elec.*, 456 P.3d 389 (Utah 2019) (internal citations and quotations omitted).

[36] Declaration of Jeffery B. Matthews at ¶ 8–10, 14, ECF No. 39-4, filed December 2, 2019. Moreover, Matthews's beliefs about Bowden's authority are not relevant to the question of apparent authority, which turns solely on manifestations made about Bowden's authority by Whitney as principal of Risun Construction. The declaration does not indicate any manifestations by Whitney other than that Bowden owned 49% of Risun Construction.

[37] Declaration of Steven R. Paul in Opposition to Plaintiff's Motion for Summary Judgment at ¶ 8, ECF No. 54, filed April 1, 2020.

[38] *See Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000).

[39] Motion for Summary Judgment at 22.

Instead, a third party who deals with an agent must, under the second factor of the *Burdick* test, "acting in good faith, [have] reason to believe, and . . . actually believe," that the agent possessed the requisite authority. Further, and most damaging to ACIC's position, "[O]ne who deals exclusively with an agent has the responsibility to ascertain that agent's authority despite the agent's representations."[40] "A belief that results solely from the statements or other conduct of the agent, unsupported by any manifestations traceable to the principal, does not create apparent authority, and [a]n agent's success in misleading the third party as to the existence of actual authority does not in itself make the principal accountable."[41]

Additionally, the Utah District Court has held that "[t]he apparent authority of an LLC member . . . to act on behalf of an LLC has been virtually eliminated under the LLC Act . . . Such authority may arise only from the operating agreement and any other organizational documents, such as a statement of authority."[42] In the *Hardy* case, an LLC member signed an agreement to sell property belonging to the LLC; however, the court found that the LLC's public filings provided constructive notice to third parties that the member had no authority, because the LLC was manager-managed.[43] Further, there was no evidence that the manager, as the principal for the LLC, had ever induced the third party to believe that any of the members had authority to act on the LLC's behalf.[44] For these reasons, the court found that there was no apparent authority and the transaction was invalid.[45]

---

[40] *Bergdorf v. Salmon Elec. Contractors Inc.*, 2019 UT App 128, ¶ 20, 447 P.3d 1265, 1269–70, cert. denied sub nom. *Bergdorf v. Salmon Elec.*, 456 P.3d 389 (Utah 2019) (internal citations and quotations omitted).

[41] *Burdick*, 2015 UT 8, ¶ 22 (internal quotation omitted).

[42] *Hardy v. Sagacious Grace, LC*, No. 150100206, 2016 WL 11541605, at *5 (Utah Dist. Ct. June 13, 2016).

[43] *Id.* at *6.

[44] *Id.*

[45] *Id.*

The facts before the court on this Motion for Summary Judgment are similar. ACIC had the responsibility to inquire about Bowden's authority to sign the GIA on behalf of Risun Construction, and presents no evidence that this inquiry occurred. The Articles of Organization for Risun Construction were publicly available and would have revealed to ACIC that Risun Construction was manager-managed, that Bowden was not a manager, and that he therefore did not have authority to bind Risun Construction to the GIA. Plaintiff does not present any evidence that Whitney, as the sole manager and principal of Risun Construction, induced ACIC to believe that Bowden had authority to sign the GIA for Risun Construction. Although ACIC provides evidence that it changed its position and suffered monetary harm in reliance on Bowden's authority, the absence of the other two factors of the *Burdick* test is dispositive here. Even viewing the facts in the light most favorable to Plaintiff, the court finds that disputes of material fact remain on the issue of apparent authority, and that ACIC is not entitled to summary judgment.

## CONCLUSION

Because the Court finds that a genuine dispute of material fact exists in this case as to the authority of Chris Bowden to bind Risun Construction to the GIA, Plaintiff's Motion for Summary Judgment is DENIED.

Signed July 1, 2020.

BY THE COURT:

David Barlow
United States District Judge